IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMUEL SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-697-F |
| | ) | |
| MIKE CAGLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Samuel Scott, a state prisoner appearing pro se and in forma pauperis, has filed a complaint seeking redress for alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. United States District Judge Stephen P. Friot has referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Pending before the Court is Defendants' Motion to Dismiss [Doc. No. 22]. Plaintiff has not responded to the Motion. In addition, the Court has received the court-ordered Special Report [Doc. No. 20]. For the reasons set forth below, it is recommended that Defendants' Motion be granted and the action be dismissed with prejudice as barred by the applicable statute of limitations.

**I.    Factual Background / Plaintiff's Claims**

Plaintiff's claims arise out of his incarceration at the Joseph Harp Correctional Center (JCCC) in Lexington, Oklahoma. Due to an incident occurring on or about August 14, 2012, Plaintiff received a misconduct conviction. Plaintiff was convicted of assaulting another inmate, a Class X misconduct. As punishment, on September 11, 2012, Plaintiff was directed to pay restitution in the amount of $7,779.12 for the cost of medical bills incurred as a result of the injuries inflicted by Plaintiff upon the other inmate. *See* Compl., Misconduct Punishment [Doc. No. 1-1] at ECF p. 5. On December 21, 2012, the misconduct conviction was affirmed through

the administrative appeals process. *See id.*, Response from Director or Designee [Doc. No. 1-1] at ECF p. 12. However, the Director's Designee ordered that "JHCC will provide the offender with the appropriated [sic] documentation regarding his imposed restitution." *Id.*

Thereafter, Plaintiff unsuccessfully pursued administrative remedies requesting that he be provided the documentation and/or an explanation as to how the amount of restitution had been determined. Plaintiff alleges that he pursued such administrative relief beginning December 21, 2012 and continuing through May 28, 2013. *See* Compl. at ECF pp. 8-9; *see also id.*, Grievance Submissions [Doc. No. 1-1] at ECF pp. 13-16; and Grievance Submissions [Doc. Nos. 1-6, 1-7, 1-8 and 1-9]. From May 2013 until March 2015, Plaintiff took no further steps toward exhaustion of administrative remedies. Then, on March 9, 2015, Plaintiff submitted a Request to Staff, again requesting that he be provided documentation regarding the amount of the restitution award. Plaintiff was advised that "it would appear your time is up to grieve an issue years ago." *See* Compl., Request to Staff [Doc. No. 1-1] at p. 11.

Plaintiff commenced this action on June 25, 2015. Plaintiff alleges in Count I that Defendant Mike Cagle retaliated against Plaintiff by "manipulating" prison staff to not respond to his grievances. In Count II, Plaintiff alleges that Defendant Cagle acted with bias against Plaintiff, retaliated against him and intentionally inflicted emotional distress upon Plaintiff by ordering restitution and/or improperly calculating the amount of restitution owed. Plaintiff claims his due process rights have been violated because no evidence supports the imposition of restitution. Finally, in Count III of the Complaint, Plaintiff alleges that the conduct of Defendants Cagle and Batson have caused Plaintiff to incur "actual damages" including the costs of filing this action.

As relief, Plaintiff seeks compensation for the alleged losses caused by Defendants. He claims he should be reimbursed for all monies taken from him and further requests that the restitution order be expunged.[1]

Defendants seek dismissal of the Complaint on grounds the claims are barred by the applicable statute of limitations. In addition, Defendant Batson moves for dismissal on grounds Plaintiff has failed to allege any personal participation by Batson in the alleged violation of Plaintiff's constitutional rights.

II. **Governing Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true, but need not

---

[1] To the extent Plaintiff seeks to have the misconduct punishment of restitution expunged, he must do so in a separately filed action brought pursuant to 28 U.S.C. § 2241. *Compare Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (a challenge to a misconduct conviction involves a challenge to the execution of a sentence and is properly brought in a habeas petition pursuant to § 2241; conversely, where monetary relief is sought on basis of defendants' alleged malicious actions in bringing misconduct charges, claims are properly addressed pursuant to § 1983). Moreover, to the extent Plaintiff's allegations demonstrate the misconduct has not been expunged, his claims may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated"); *Edwards v. Balisok*, 520 U.S. 641, 645, 648 (1997) (extending holding of *Heck* to prison disciplinary actions). The Court need not address the *Heck* issue, however, because as discussed infra, Plaintiff's claim are time-barred.

"accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

In moving for dismissal, Defendants expressly state that they "rely only on the facts contained in the Complaint and the documents attached to the Complaint." *See* Motion at p. 2 n. 1. Therefore, the Court has not considered any additional materials submitted with the Special Report. The Court may consider the documents attached to the Complaint without converting the motion to dismiss into a motion for summary judgment. *See, e.g., Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look to the complaint itself and to any documents attached as exhibits to the complaint." (citations omitted)).

A pro se plaintiff's complaint must be broadly construed under the Rule 12(b)(6) standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Finally, pursuant to the local rules of this Court, Plaintiff's failure to respond to Defendants' Motion permits the Court, in the exercise of its discretion, to deem the motion confessed. *See* LCvR 7.1(g). But the Tenth Circuit has instructed that confession is not automatic. Instead, confession is proper only upon consideration of three factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998).

Because it is just as efficient to address the merits of Defendants' Motion, in the exercise of discretion, the Court declines to deem the Motion confessed.

## III. Analysis

### A. Plaintiff's Claims are Time-Barred

In an action brought pursuant to § 1983, the forum state's limitations period for a personal injury claim governs, but accrual of the cause of action is determined by federal law. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Under Oklahoma law, a two-year limitations period applies. *See* Okla. Stat. tit. 12, § 95(A)(3); *see also Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). A civil rights action accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation omitted). The face of Plaintiff's Complaint plainly shows that Plaintiff knew or should have known of the basis of his claim challenging the misconduct punishment of restitution at the time it was ordered, on September 11, 2012. To the extent Plaintiff's claims relate to or rely upon his submission of grievances, either to obtain the documentation he requested to demonstrate how the restitution amount was determined, or to demonstrate retaliatory or other improper conduct by Defendants, the face of Plaintiff's Complaint plainly demonstrates the last grievance was addressed in May 2013, when Plaintiff submitted a Request to Staff. *See* Compl., Request to Staff [Doc. No. 1-9]. Even if the Court, under a most generous construction, deemed the claims to have accrued as late as May 2013, Plaintiff did not file this action until June 25, 2015, after the two-year limitations period expired.[2] Thus, Plaintiff's claims are time-barred.

---

[2] As Defendants point out, the Complaint and attachments thereto demonstrate that by January 3, 2013, Plaintiff knew that he had not been provided the requested documentation regarding the restitution punishment and further knew that prison officials had responded

5

Whether Plaintiff is entitled to tolling of the limitations period is governed by state law. *Eastom v. City of Tulsa*, 783 F.3d 1181, 1185 n. 4 (10th Cir. 2015) ("To calculate the statute of limitations applicable to a § 1983 claim, including any tolling rules, we generally look to state law.") (citation omitted). Plaintiff has not responded to Defendants' Motion and has not, therefore, raised the issue of equitable tolling or addressed why it should be applied. Nonetheless, the Court proceeds to consider the issue.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust administrative remedies available through the prison grievance system prior to bringing a § 1983 action. *See id*., ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Court is not aware of any decision addressing whether tolling would be available under Oklahoma law based on a prisoner's attempts to exhaust administrative remedies as required by § 1997e(a). *Compare Braxton v. Zavaras*, 614 F.3d 1156, 1160-63 (10th Cir. 2010) (noting that tolling of the limitations period in a § 1983 action is governed by state law and determining whether Colorado law would allow tolling for time spent exhausting administrative remedies as required by § 1997e(a)); *see also Heuston v. Ballard*, 578 F. App'x 791, 792-93 (10th Cir. 2014) (recognizing in prisoner's § 1983 action that "Oklahoma permits equitable tolling of a statute of limitations in limited circumstances" and further finding that prisoner had not "demonstrated extraordinary circumstances – as a result of alleged obstruction and delays in obtaining relevant information or otherwise – sufficient to justify equitable tolling.").

---

through the grievance process that he had been provided what information he needed. *See* Compl., Request to Staff [Doc. No. 1-1] at ECF p. 13.

Assuming tolling would apply, however, Plaintiff's Complaint demonstrates that he attempted exhaustion of administrative remedies for a period of time through May 2013. Thereafter Plaintiff did nothing for a period of almost two years. Then, in March 2015, Plaintiff submitted a Request to Staff again asking for documentation about how Defendant Cagle determined the amount of restitution imposed as a sanction. Plaintiff's lengthy delay between grievance submissions, and his failure to timely file this action following the initial phase of attempts at exhaustion of administrative remedies, precludes application of any tolling principles. *Compare Braxton*, 614 F.3d at 1162 (concluding that equitable tolling under Colorado law would not be appropriate where plaintiffs had over a year remaining on the limitations period after receiving responses to final administrative appeals but waited approximately two years to file their § 1983 action) *see also Starr v. Kober*, No. 15-6219, -- F. App'x --, 2016 WL 929724 (10th Cir. Mar. 11, 2016) (declining to permit equitable tolling of § 1983 limitations period where prisoner exhausted his administrative remedies "long before the limitations period had run" and stating that "[i]n such circumstances, equitable tolling is typically not available absent a showing of diligence after the administrative remedies were exhausted") (citations omitted). Moreover, Plaintiff has failed to respond to Defendants' Motion and, therefore, has made no showing that "extraordinary circumstances" exist to warrant tolling of the limitations period. For these reasons, the Court finds Plaintiff's claims are untimely filed.

**B.     Plaintiff Fails to Demonstrate Defendant Batson's Personal Participation in the Alleged Deprivation of his Constitutional Rights**

Defendant Batson additionally moves for dismissal of the Complaint as to claims brought against him on grounds Plaintiff has not alleged any facts demonstrating his personal participation in the alleged deprivation of Plaintiff's constitutional rights. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) ("In order for liability to arise under § 1983, a

defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). Upon review of the Complaint, the Court agrees. Plaintiff alleges only that Defendant Batson prepared an incident report following the August 14, 2012 incident. *See* Compl. at ECF p. 3. But he does not allege facts demonstrating any unconstitutional conduct by Defendant Batson. Indeed, Plaintiff alleges that the "essential facts" of Defendant Batson's reports are "being ignored," *see id.*, indicating that Plaintiff concurs with the recitation of facts set forth by Defendant Batson. Plaintiff's failure to allege the requisite personal participation of Defendant Batson provides an additional grounds for dismissal of the claims brought against him in the Complaint.

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss [Doc. No. 22] be granted and Plaintiff's Complaint be dismissed with prejudice as untimely filed.[3]

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by September 1, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[3] *See Gee v. Pacheco*, 627 F.3d 1178, 1181, 1195 (10th Cir. 2010) (affirming dismissal with prejudice of § 1983 claims barred by statute of limitations).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 11th day of August, 2016.

                                             _____
                                             BERNARD M. JONES
                                             UNITED STATES MAGISTRATE JUDGE