# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SAMUEL SCOTT, )
)
    Plaintiff, )
)
-vs- ) Case No. CIV-15-0697-F
)
MIKE CAGLE, et al., )
)
    Defendants. )

## ORDER

On August 11, 2016, Magistrate Judge Bernard M. Jones issued a Report and Recommendation (the Report, doc. no. 28) in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Samuel Scott appears *pro se* and his pleadings are liberally construed. The Report recommends granting defendants' motion to dismiss and dismissing the complaint with prejudice as untimely filed. The Report makes these recommendations based on the magistrate judge's conclusion that plaintiff's claims are time-barred, and that the claim against Lieutenant Jai Batson does not allege facts demonstrating Batson's personal participation in the alleged deprivation of constitutional rights.

Plaintiff filed objections to the Report, doc. no. 29, which have been considered *de novo*.

Plaintiff's objections argue that the Report is incorrect in concluding that plaintiff's claims are time-barred, because plaintiff has a cause of action which is continuous and occurs every time defendants make a withdrawal from his account, to satisfy the restitution order. The Report details the factual background of plaintiff's allegations concerning the restitution order. After review, the court rejects plaintiff's

objection and states its agreement with the Report that plaintiff's claims are time-barred.

Plaintiff also argues the Report errs when it states that from May 2013 until March 2015, plaintiff took no further steps toward exhaustion of administrative remedies. The objected-to statement is included in the "factual background" portion of the Report, and is relevant to the Report's approach to the equitable tolling issue. The Report treated the issue of equitable tolling by observing that equitable tolling of the statute of limitations had not been raised by the plaintiff. The Report nevertheless went on to address the issue to some degree, although it was not required to do so. At that point, the Report noted that the delay between grievance submissions which occurred between May 2013 and March 2015, *along with* plaintiff's failure to timely file this action following the initial phase of attempts at exhaustion of administrative remedies, precludes application of any tolling principles. Doc. no. 28, p. 7 (emphasis added). That part of the Report closed by stating that plaintiff had failed to respond to defendants' motion to dismiss and plaintiff had therefore made no showing that extraordinary circumstances exist to warrant tolling. *Id.*

Having failed to respond to the motion to dismiss when it was before the magistrate judge, plaintiff now argues, for the first time, that equitable tolling should apply because he pursued a civil action in state court, filed August 22, 2013, and because he pursued a governmental tort claim. (He attaches a letter to his objection which indicates that the Attorney General advised him, on January 13, 2015, that his claim was denied on various grounds including plaintiff's failure to exhaust administrative remedies.) These are new arguments and evidence which were not presented to the magistrate judge and which are not considered at this stage. Gonzales v. Qwest Communications Corp., 160 Fed Appx. 688, *2 (10th Cir. 2005) (district

court has discretion to refuse to accept supplemental evidence not presented to the magistrate judge, collecting authorities), unpublished.

Alternatively, if the court were to consider these new arguments and evidence, and if the complaint were amended to include them as allegations, they would not show extraordinary circumstances which warrant tolling of the limitations period.[1]

Having considered plaintiff's objections, the court concludes that they are not meritorious and that there is nothing to be gained from further discussion here, of either the Report or the objections. Plaintiff's objections are **DENIED**, and the Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. As recommended in the Report, defendants' motion to dismiss (doc. no. 22) is **GRANTED**, and the complaint is **DISMISSED** with prejudice as untimely filed.

Dated this 16th day of September, 2016.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0697p001.wpd

---

[1] *See*, Drumm v. Sizeler Realty Company, Inc., 647 F. Supp. 1288, 1293 (E.D. La. 1986) ("It would be inequitable to permit plaintiffs' two nonactionable state antitrust causes of action to extend the time for filing a federal cause of action beyond the four years fixed by Congress, simply because plaintiffs, at their option, desired to attempt to pursue state remedies first.").